ROBT. SCOTT & WURTS *v.* JAMES BRYAN & GRUBB.

**Commercial Paper — Fraudulent Sales — Purchaser in Good Faith.**

A purchaser of a promissory note in good faith, for a valuable consideration, before maturity, is held to a *bona fide* owner, and cannot be deprived of his right to invoke a legal remedy to collect same.

**Same — Estoppel — Set-off.**

Where A. sells and transfers to C. the note of B. and on the due date of the note B. voluntarily renews the note to C., he is estopped from setting up a counterclaim of a prior debt due him by A. even though such a right of set-off existed as to the original note.

APPEAL FROM GREENUP CIRCUIT COURT.

May 30, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Wilson, Culbertson & Co., a firm composed of C. M. Wilson, John Culbertson, Wm. Grubb, and Thayer C. White, executed their promissory note to Robert Scott, trustee, for Nancy Garrett for $2,347.75, dated the first of September, 1852. The firm which was an iron manufacturing company was subsequently changed by the withdrawal of some of its members and the addition of others, and continued in the firm name of Wilson, Baird & Co., of which said Grubb was still a member.

The company appears to have failed in business in 1859. On the 11th day of November, 1859, said Robert Scott exhibited his petition in equity in the Greenup Circuit Court, setting forth his debt and alleging, among other matters, that said Grubb had sold, assigned, and otherwise disposed of his property with the fraudulent intent to cheat, hinder, and delay his creditors, and had pretended to sell and assign to James Bryan, a defendant in the action, " Several thousand dollars in promissory notes or other evidences of debt," that these transfers were not real *bona fide* transactions, but a mere subterfuge and " fraudulent device and shift made for the purpose of covering up so as to delay and defraud creditors " and he prays to have the debts attached in the hands of Bryan and subjected to the payment of his claim.

Various other suits were brought with attachments against the firm of Wilson, Baird & Co., among which was an action of the appellant George Wurts, who alleged in his petition that said Wilson, Baird & Co., by their promissory note dated the 2d day of July, 1859, agreed to pay to his order at the Bank of Ashland, four months after date, $3,350, which was indorsed by said Wurts and discounted for the use and benefit of said Wilson, Baird & Co., and that at the maturity of the note, said Wilson, Baird & Co. being unable to pay it, he, the said Wurts, waiving protest and notice, had taken it up.

In the meantime said Bryan brought an action against said George Wurts, Samuel G. Wurts, and Alfred Spalding, a copartnership trading in the name and style of Wurts, Spalding & Co., upon two promissory notes, one of them executed by said Wurts, Spalding & Co. to Bryan for $2,540, dated October 25, 1859, and payable January 1, 1860, and the other for $84.98, made payable to Wm. Grubb and by him assigned to Bryan. Said Wurts, Spalding & Co. in their answer in this action set forth that the note of $2,540 was executed in renewal of one which they had before given to Grubb, who assigned it to Bryan. They refer to the suit of Scott attaching the debts assigned by Grubb to Bryan, and insist, as therein alleged, that said assignments from Grubb to Bryan were fraudulent, and pray to set off said debt of $3,550, of Wilson, Baird & Co., taken up by George Wurts, against their debts in the hands of Bryan.

The several suits having been by appropriate orders consolidated were heard together; the court adjudged as between the appellants, Robert Scott and George Wurts, and the appellees, Bryan and Grubb, in substance:

1. That said Scott's petition as to Bryan be dismissed, and said Bryan permitted to collect the claims assigned him by Grubb, the assignments to Bryan being adjudged to be valid.

2. That Bryan recover against Wurts, Spalding & Co. the debts claimed in his action against them, the set-off claimed by George Wurts being disallowed.

As to the validity of the assignments of the claims from Grubb to Bryan, which presents the principal question to be determined, no elaborate statement of the evidence is claimed necessary. Although at the date of said transfers, the embarrassments of the firm of Wilson, Baird & Co. were such as to induce the appre-

hension that Grubb might not long continue solvent, and the evidence conduces to show that his intentions in making the assignments were fraudulent, we are impelled to the conclusion by what seems to us to be a decided preponderance of the evidence, that the purchase of the claims was made by Bryan in good faith and for a full and adequate consideration. Independent of his answer to interrogatories, rendered legitimate and competent evidence by the appellants, it sufficiently appears that he was pecuniarily able to buy and pay for the debts, and was led to propose to do so, by learning that Grubb was about to sell them to another. That he paid Grubb for the debts is, we think, satisfactorily shown, and the presumption of collusion and fraud which might under other circumstances arise, from the relationship existing between him and Grubb, is repelled by the well-established fact that they were not on terms of intimate personal friendship.

Regarding as we do the purchase of Bryan as having been made in good faith, the voluntary renewal to him of the larger note which Grubb had assigned him on Wurtz, Spalding & Co. operated, in our opinion, to estop them from setting up the claim of George Wurts against Grubb, by way of set-off as a bar to Bryan's action thereon; even if such right of set-off had existed as to the original note.

The note of $84.98 executed to Grubb by Wurts, Spalding & Co. appears to have been assigned to Bryan on the 20th of June, 1859, and before the liability of George Wurts on the note of Wilson, Bard & Co. in the Bank of Ashland was created.

Wherefore, perceiving no error in the judgment to the prejudice Wilson, Baird & Co. in the Bank of Ashland was created.

*Phister, Ireland,* for Appellants.

*Wm. Corum,* for Appellees.